Okay. Good morning, Your Honors. Susan Northup on behalf of Appellants Ron and Barbara ERPELDING and Ron and Sons Trucking. You pronounce it ERPELDING? Yes, I just found that out recently myself. I was not the original counsel on this. I've actually, we lost our original counsel recently. We brought this appeal based on the district court's error in dismissing TRUST-R based on ERISA preemption. TRUST-R was hired by the appellants to serve as a third-party administrator with purely ministerial function. And they never had any discretionary authority whatsoever over the administration. Yeah. Ms. Northup, go ahead. The problem, the problem with this case, it seems to me, is its sort of procedural posture, which is admittedly quite odd. If I got it right, the TRUST-R never made a motion to dismiss. Right. Had it appeared? It never appeared. All right. So the district court enters an order which dismisses it based upon essentially the arguments that the co-defendants made. Right. So then you come around and wake up to the fact that the order includes TRUST-R and on a motion to reconsider say, wait a minute, it can't be right, it's to TRUST-R. And you adduce at that point a retainer agreement, which you say is contradictory to the conclusion reached by the district court. Right so far? Correct. Okay. Here's the heart of my question. The district court hears that and says, okay, but still, it's futile to amend the complaint because the complaint's allegations are that TRUST-R is a fiduciary, that it gave advice for a fee, that it both formulated and designed and implemented the benefit plan in breach of its fiduciary responsibilities and it had responsibilities for implementing and terminating the plan, which it abused. So how can you plead now, today, how can you plead consistently with your Rule 11 responsibilities something that gets around those allegations? Well, I think that the court misunderstood what was alleged in the original complaint. The original complaint never alleged that TRUST-R was an ERISA fiduciary. They did allege, we did allege, that TRUST-R had a fiduciary obligation, but only under common law. Well, it's alleged that it was a fiduciary. Yes. And without a fee. Well, there are a lot of fiduciary functions that are outside of an ERISA fiduciary, and that was what was alleged. Yes, but you also alleged in getting the label. You also alleged that the things I just mentioned, that they gave advice for a fee, that they designed badly, but they designed and implemented the benefit program in the plan, and that they were responsible for implementing the plan's termination, all of which they did badly. Right. And all of those things, I mean, explain to me why those things don't add up to ERISA fiduciary responsibilities when you look at the Code of Federal Regulations list of things that don't add up to it. Right. Those functions, though, are not, those are not ERISA functions. Implementing a plan, carrying on the day-to-day administration of the plan, and terminating a plan are not ERISA relationships. They're not ERISA functions. We've held in Beck and Waller both that implementing the termination of a plan is an ERISA. I think when they have discretionary authority to make certain administrative decisions, and, yes, they would be, in this case they didn't have any discretionary authority. The two parties that had discretionary authority with regards to this implementation and the termination were the two other defendants that we alleged were ERISA fiduciaries in this matter. We never alleged that trust are, and I don't think that the implementation of a plan, this happens every day,  hiring a third-party administrator to implement a plan and the process that goes along with that is not an ERISA function. It doesn't amount. Not necessarily an ERISA function. Right. I think it all comes down to whether or not they have a discretionary authority to make decisions with regard to the administration. They didn't have that discretionary authority. So what you would do is you would add an allegation to the complaint that says they didn't have it? I don't know if we would necessarily even need to add that, because we had already, I guess, as, if we were to bring that case on its own, yes, we would need to do that. But this case was brought against two other defendants, and I think it was clear that those two parties had that discretionary authority. Those two parties received all of the, they made all of the decisions. Well, what's not discretionary about advice? I guess it's the same thing that goes to consultants. There are consultants who advise plans of certain functions, and the Court has ruled that consultants, I think in the case of Yeseda, absence of showing any control over management of the plan, whether it's an attorney or an accountant or a consultant to the plan, it's not a fiduciary function. It's not an ERISA fiduciary function. This is a motion to dismiss, right? I'm sorry? This is a motion to dismiss, right? Correct. So all we're looking at is the allegations of the complaint. Correct. The complaint does not allege that Trestar is a fiduciary under ERISA. ERISA. However, if it went to trial, it might still be found to be an ERISA fiduciary. That's really yet to be determined. That has not yet been determined, right? It didn't get that far. Yeah. What about the amendment of the complaint? The amendment of the complaint? It didn't look as if you complied with the rules in that regard. If the case were to go back, should you be allowed to amend the complaint? And why? The rule in this case that we cited, which I believe is Desegudar, said that the complaint could not be saved. Well, I think the district court probably correctly looked at it and said, you know, you didn't make any proposal, which is really the reason I started off this conversation with asking what you would, even today, what you would now do to plead around what you've already pled, because you didn't propose anything to the district court by way of what you would amend. And I think the district court then said, well, you know, I don't see how you can amend around this. I apologize. I was thrown into this a week ago, and it's not something that I have put much thought into. Well, okay. So would you want to amend, do you think, or do you think you would just stand on the allegations in the complaint as they are now? I think that we would. I heard you a minute ago say you would stand on the allegations. I think that we could stand on it, because I think that it was clearly alleged that they were not an ERISA fiduciary. They performed only ministerial duties. They were hired to implement the plan, to terminate the plan. And I think through case law, we could show based just on the complaint alone, as it stands, that they were not an ERISA fiduciary, that they just had a common law fiduciary duty to the plan. Okay. Would you like to save the rest of your time? I would like to save some time for rebuttal. I just had one more question. Would you amend to try to get out of the Federal court jurisdiction, or would you amend to try to come in under ERISA, a violation of ERISA? No, we would not be bringing this. We want to steer clear of us. The other two defendants, the only reason that this defendant was brought in the Federal court was based on supplemental jurisdiction because of the other two defendants. The other two defendants have since settled, and they're out of the case. So at this time, I believe the only thing that remains are State causes of action. So you don't want to seek any relief under ERISA? No. Okay. Thank you. But doesn't the State, doesn't the district court have discretion to keep jurisdiction over those supplemental claims? I do not know the answer to that question, but I can get back to you on that. Okay. Thank you. Okay. Mr. Holmes. May it please the Court. Mike Holmes on behalf of Appley Trustar Retirement Services. Mr. Holmes, you can probably guess the question that I'm going to ask you, having already said that this was just a bizarre procedural situation where apparently your clients got dismissed before they appeared. Yes, Your Honor. I can't tell, in fact, that they ever did appear until long after it in connection with a settlement offer of some sort is the first thing I can tell. You apparently appeared somehow in connection with the motion to reconsider? Yes, Your Honor. We actually were not served with the complaint until nearly the time the court ruled on the motion to dismiss. And at that time, we evaluated the pleadings and believe the court ruled correctly, so we filed our opposition against the motion for reconsideration. Okay. So you were served in that interim? Yes, and co-defendants provide us with all the pleadings and the court's order. Okay. So you just never answered the complaint because the case had been dismissed? That's correct, Your Honor. You know, I've always been very cherry of motions to dismiss, granted without leave to amend the first go-around. Why do you think, particularly given the fact that the plaintiffs here never had a straight-up shot at arguing why the allegations in the complaint suffice against Tristar, should we nevertheless uphold the dismissal without leave to amend?  And first, I do want to say that we believe they were, it was pretty clear from the record that we saw, and again, we weren't parties at the time, that the court was considering dismissing the causes of action as a whole. And because Tristar was named only in those causes of action, that's the reason Tristar was dismissed as well, because there were no other remaining causes of action against them. But there are two reasons why I think the request to amend was properly denied. The first one being what was brought up earlier by Your Honors, that it was never properly requested by Ron and Sons or Herpelding. The judge was within his or her authority to nonetheless dismiss Sue Esponti. Is that right? Yes, Your Honor. Actually, because the request to amend was never brought on the ERISA claim, and a bare request in a one-line sentence without any description of what would be amended or any attached proposed amendment to the complaint, the case law is clear that the judge did not have to consider that request. Would a fair thing to do would be to allow amendment? Not in this case, Your Honor, I think, because such an amendment, if we were to assume it was to strike the word fiduciary out of every allegation of the complaint, would still be futile. It would still be preempted by ERISA, because the key is not whether Tristar was a fiduciary or not, which clearly they were alleged to be a fiduciary under an ERISA plan. Well, it isn't the title that makes a difference. It's the duties assigned. Isn't that right? That's correct, Your Honor. And here they are alleged to have not performed their administrative duties under the ERISA plan, and whether a fiduciary or not, that is governed by ERISA. Section 1132A-2 for fiduciary. Administrative duties, those would not make the person a fiduciary. Is that right? That's correct, Your Honor. Are you familiar with Arizona State Carpenters Pension Trust's Vendors of City Bank? Yes, Your Honor, I am. Okay, doesn't that say that a person or entity who performs only ministerial services or administrative functions within framework of policies, rules, and procedures established by others is not an ERISA fiduciary? That's correct, Your Honor. And in that ---- It's using the word fiduciary to cover some duties, common law, state duties, but not ERISA discretionary duties. It's not necessarily an ERISA. I think there are facts here that could establish yet one way or another whether your client was, in fact, an ERISA fiduciary. Well, they certainly were ---- That's an open question. That's why I'm also ---- when I was a district court judge, I was allowed at least one chance to amend. I'm not even sure they need to amend this complaint because that's the issue, that you were a fiduciary in some sense, but what sense? Well, Your Honor, I think that as far as the Citibank case goes, the reason why the court ruled the way they did was the bank was acting as a custodian of deposits and records just like it would any other customer, and it wasn't specific to the plan. Here we have a case where the allegations in the complaint are very specific to the plan. I mean, for a great example is that it's alleged that Trustar failed to provide a proper benefit formula under Article 10 of the ERISA plan. I mean, you'd have to look at the plan to see if that were properly alleged or not. This is, you know, the way the complaint is alleged currently, they are, Trustar is alleged to be an ERISA fiduciary. If you look at Section 1104, 29 U.S.C. 1104, all the allegations that are made against Trustar would fall within that section. That's an argument, then, that you probably should be allowed to amend because it seems to me that the Erpoldings made the decision, for example, to terminate the plan and then gave the implementation of the decision, I assume that's ministerial, administrative work, to your client, and they delayed and lost money and ended up not having enough money in the plan for all the obligations that the plan had. So that particular decision was made, a discretionary decision, whether or not to terminate the plan was made by others, by someone else. Your Honor, the ministerial duties that counsel raised are nowhere to be found in the complaint. It talks about Trustar failing to provide these services in its own right, failing to provide advice, failing to properly calculate contributions under the plan, failing to implement the plan properly, not using the care, skill, prudence, and diligence that are required, and those are the allegations of the claim as we have them now. The reason why I think an amendment would be futile is because whether or not ERISA is a fiduciary, I mean, I'm sorry, that Trustar is a fiduciary or not a fiduciary, those acts on the ERISA plan that are alleged in the complaint would still stand, and under Section 1132, either A2 or A3, which deal with, respectively, fiduciaries and non-fiduciaries, would govern these actions. I think I would feel more comfortable if this were resolved in summary judgment instead of a motion to dismiss, to which you weren't even a party. Well, and the reason why, and just to clarify, and this may go to some of the procedural, the strange procedural history we have here, but the reason why the motion wasn't converted to a summary judgment motion was because counsel for Ron and Sons and their appellatings did not authenticate this purported retainer agreement. I mean, if you've looked at the retainer agreement, it alleges that some entity named Trust Consultants is not a fiduciary under some unidentified plan, and there was never any authentication by declaration, affidavit, or otherwise to authenticate this document. And so the court's hands were tied, and we couldn't respond. There was no evidence that this was actually some sort of agreement between any of the parties. And therefore, it was correctly, the court correctly refrained from converting it to a summary judgment motion. If the, suppose, make it an attorney out there who doesn't terminate the plan or take steps to do that, gives the wrong advice as to the amount of plan contribution, doesn't provide a proper benefit formula, and doesn't implement the plan, those things sound ministerial. They sound like the kind of things an attorney would do and not become a fiduciary. What about that? Well, Your Honor, I believe they are fiduciary duties. If you look at Section 29 U.S.C. Section 1104, it sets forth exactly those types of descriptions of duties. I mean, if you're not using the care, skill, prudence, and diligence in advising what should be, what plan contributions should be made, those are exactly. Isn't that a sort of a calculation an accountant would make, that is figuring out how much money they're going to have to submit? It's hard to see how that's discretionary. It looks more ministerial. Will you argue to that, please? Sure. The other allegation, and that may or may not be true, there are other allegations in the complaint that describe TRUSTAR's advice regarding decisions regarding the plan and what options the appellants have regarding the plan. And I think that if you look at Section 1132A2, which refers to the other sections I've mentioned, including Section 1104, that sort of care and skill is something that a risk of fiduciary is responsible for and would fall under that. All right. Thank you. Okay. Ms. Winford. Thank you. I'd just like to address a couple of the issues that were brought up. One, the issue of the sua sponte dismissal as to TRUSTAR without request to leave, the appellants not requesting leave to amend. And I think the reason that that happened is because TRUSTAR had not appeared in the case. And at the time of the motion to dismiss, appellants did not know that that was going to apply to TRUSTAR. Well, there's no question about all that. The problem is that the law is that even so, we look at it now and ask the question of whether amendment would be futile. I mean, that's the real question. I think that we've discussed that issue already. I think we did. The other thing that Judge Reed brought up with regard to an attorney terminating the plan and providing advice on these things, I think it is very clear that those are ministerial duties. At the most, if those were not done correctly, there might be a malpractice or negligence action brought against the attorney, just as you would a consultant or an accountant who might be providing benefit formula. So I think the cases are clear that those don't amount to arrested fiduciary action. If an attorney, say, gave misadvice, bad advice on the amount of the contribution, would that be a question of malpractice or would that make the attorney a fiduciary? That would be a question of malpractice. I don't think that that rises to the level of an arrested fiduciary function. They're not. And the case on that is Rutledge v. State Barthshaw. Correct. And I think that the trustor brought that case up in the opposite, saying that they were found to have breached a fiduciary duty. But I think that issue went to the fact that it was excessive fees and that was a prohibited transaction. Transaction. Right. Thank you very much. All right. Thank you, counsel. The matter just argued will be submitted.
judges: Rymer, Wardlaw, Reed